**GENOVA BURNS LLC**
Victor Andreou, Esq. (ct31384)
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
vandreou@genovaburns.com
*Attorneys for Plaintiff,*
*FMLASource, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FMLASOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> W.R. BERKLEY CORPORATION, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, FMLASource, Inc. ("Plaintiff" or "FMLASource"), by way of Complaint against defendant W.R. Berkley Corporation ("W.R. Berkley" or "Defendant"), alleges as follows:

### INTRODUCTION

1. This action stems from W.R. Berkley's unjustified breach of an agreement between it and FMLASource, pursuant to which FMLASource provided W.R. Berkley with FMLA and ADA leave administration services (the "Agreement").

2. The Agreement was originally entered into on or about September 23, 2014, commenced on January 1, 2015 and continued for an initial five (5) year term.

3. The Agreement indicated that it would automatically renew for successive five (5) year terms unless either party delivered written notice of non-renewal at least sixty (60) days prior to the expiration of the initial term or any applicable renewal term.

4. The Agreement automatically renewed on December 31, 2019 and the expiration of this renewal term ends on December 31, 2024.

5. After the decision makers at W.R. Berkley made up their mind that they wanted to end the Agreement with FMLASource, but without justification to do so, they proceeded to engage in a plan to conjure up criticisms about FMLASource's services. This was done in an attempt to prematurely exit the Agreement under the auspices of a material breach without having to pay FMLASource for the remainder of the contract term, through December 31, 2024.

6. W.R. Berkley's conduct of engaging in a pattern of drumming up manufactured and pretextual complaints about FMLASource's services recently, in order to make it appear that W.R. Berkley could terminate the contract without being responsible to pay FMLASource for the remaining term, demonstrates W.R. Berkley's bad faith in its performance of the Agreement.

7. As a direct result of W.R. Berkley's breaches of the Agreement and the implied covenant of good faith and fair dealing, Plaintiff has and will continue to suffer damages in excess of $280,000.00 that it would have otherwise received as a benefit from the contract.

## PARTIES

8. FMLASource, Inc. is a corporation incorporated in Illinois, with its principal place of business located in Chicago, Illinois.

9. Upon information and belief, W.R. Berkley is a corporation incorporated in Delaware, with its principal place of business located at 475 Steamboat Corporation, Greenwich, Connecticut 06830.

**JURISDICTION AND VENUE**

10. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). Federal subject matter jurisdiction is conferred over Plaintiff's state law claims based on diversity of citizenship and because the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) dollars, exclusive of interest and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in the District of Connecticut. Namely, W.R. Berkley, which FMLASource serviced – is located in Connecticut.

**FACTS**

A.  **FMLASource's History with W.R. Berkley**

12. FMLASource, an industry-leading leave administrator that services thousands of customers throughout the country, are experts in processing and monitoring its clients' employees' leaves of absence to which they are entitled under various federal and state laws, including, most notably, the Family and Medical Leave Act ("FMLA").

13. On or about September 23, 2014, FMLASource and W.R. Berkley, entered into a contract for leave administration services. Attached as **Exhibit A** is a true and correct copy of the Agreement.

14. Pursuant to the terms of the Agreement, the services which FMLASource was required to perform for W.R. Berkley (the "Services") are encapsulated in Schedule I of the Agreement. Schedule I describes the Services which are comprised of the standard package of services offered to FMLASource's customers, including a designated account management contact; access to FMLASource's call center and online tools; leave administration; and

reporting on program utilization, frequency of leaves, and absence history on a rolling 12-month basis.

15. The parties also agreed that fees were to be structured based on the number of employees covered under the Agreement. Specifically, W.R. Berkley agreed to pay a fee of $1.98 per employee per month for FMLASource's services outlined in Section I of the Agreement.

16. Upon information and belief, as of the date of this Complaint W.R. Berkley has at least 5,257 employees covered under the Agreement, resulting in revenue owed to FMLASource in excess of $280,000.00.

17. Pursuant to the Agreement, W.R. Berkley and FMLASource agreed to a guaranteed five-year initial term of the Agreement. Given W.R. Berkley's satisfaction with FMLASource's work, W.R. Berkley extended the contract through the optional term, providing the parties with an additional five (5) year contract.

18. Under the terms of the Agreement, there is no option to terminate the Agreement early.

**B.     W.R. Berkley Manufactures Nitpick Complaints to Try and Justify Its Termination of the Agreement**

19. Despite FMLASource's years of stellar service, W.R. Berkley began to manufacture complaints.

20. Upon information and belief, W.R. Berkley's entered into certain new business relationships/arrangements which made it advantageous for W.R. Berkley to seek to move the services FMLASource was providing to a different provider.

21. This left W.R. Berkley with only one option – terminate the parties' Agreement, prematurely, and attempt to manufacture complaints to substantiate the termination.

22. The nitpick complaints made by W.R. Berkley did not relate to contractual breaches on the part of FMLASource, much less "material" breaches; as such, the manufactured complaints were insufficient to allow W.R. Berkley to terminate the Agreement.

23. The unsubstantiated and minor complaints manufactured by W.R. Berkley became a clear indication that W.R. Berkley was one foot out the door and was focused on determining its premeditated and unlawful exit strategy.

24. It is telling that W.R. Berkley did not provide FMLASource any legitimate opportunity to address the alleged complaints or cure any of the alleged deficiencies.

25. W.R. Berkely's complaints to and against FMLASource were baseless and intentional, and they refused to cooperate to improve the parties' relationship.

26. Despite FMLASource's uninterrupted commitment to the parties' Agreement and long-time relationship, W.R. Berkley sent FMLASource sent a letter on April 13, 2022 purporting to terminate the Agreement effective December 31, 2022.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

27. Plaintiff hereby incorporates by reference each of the preceding allegations as though each were specifically set forth at length herein.

28. FMLASource and W.R. Berkley entered into the Agreement whereby Plaintiff was to be paid per employee per month for the period of five years for FMLA and ADA leave administration services.

29. Pursuant to the Agreement, W.R. Berkley was to pay FMLASource a fee of $1.98 per employee per month in exchange for all of the Services as set forth in Schedule I to the Agreement.

30. W.R. Berkley materially breached the Agreement by, among other actions and inactions described above, terminating the Agreement prior to the end of the contract term without justification for doing so under the terms of the Agreement.

31. FMLASource has suffered damages as a direct and foreseeable result of W.R. Berkley's breaches because, among other damages, FMLASource has not received the benefit of its bargain in the Agreement – its fee, through December 31, 2024.

32. FMLASource has complied with all conditions precedent to the bringing of this action or, in the alternative, W.R. Berkley has waived and/or is estopped from raising conditions precedent as a defense.

**WHEREFORE**, Plaintiff demands judgment against W.R. Berkley for compensatory damages, consequential damages, punitive damages, attorneys' fees and costs of suit, prejudgment and post-judgment interest, and such other and further relief as the Court may deem just and equitable.

### SECOND CLAIM FOR RELIEF
### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

33. Plaintiff hereby incorporates by reference each of the preceding allegations as though each were specifically set forth at length herein.

34. Every contract incorporates an implied covenant of good faith and fair dealing.

35. FMLASource and W.R. Berkley entered into the Agreement which is a valid and enforceable contract between the parties.

36. W.R. Berkley acted with bad motive and engaged in bad faith conduct, by, among other things, terminating the Agreement prior to the end of the contract term, without justification, with the express purpose of depriving FMLASource of benefits under the Agreement.

37. Further, W.R. Berkley breached the implied covenant of good faith and fair dealing by failing to cooperate with FMLASource, while at the same time shifting its focus to manufacturing alleged service defects so that it could prematurely and unlawfully exit the Agreement.

38. FMLASource has suffered damages as a direct and foreseeable result of W.R. Berkley's breaches of the implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiff demands judgment against W.R. Berkley for compensatory damages, consequential damages, punitive damages, attorneys' fees and costs of suit, prejudgment and post-judgment interest, contribution, indemnification, and such other and further relief as the Court may deem just and equitable.

### THIRD CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

39. Plaintiff hereby incorporates by reference each of the preceding allegations as though each were specifically set forth at length herein.

40. W.R. Berkley has been unjustly enriched by accepting the services of FMLASource – services that will, among other things, benefit W.R. Berkley through the end of the term of the Agreement, while refusing to pay FMLASource for those services.

41. The retention of this benefit without remuneration to Plaintiff would be unjust.

**WHEREFORE**, Plaintiff demands judgment against W.R. Berkley for compensatory damages, consequential damages, punitive damages, attorneys' fees and costs of suit, prejudgment and post-judgment interest, and such other and further relief as the Court may deem just and equitable.

**FOURTH CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT)**

42. Plaintiff hereby incorporates by reference each of the preceding allegations as though each were specifically set forth at length herein.

43. FMLASource seeks a declaration that it is not in breach of the Agreement and therefore, there is no justification for a termination of the Agreement.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order declaring that FMLASource is not in breach of the Agreement, and therefore there is no justification for a termination of the Agreement, together with such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: s/ *Victor Andreou*
Victor Andreou, Esq. (ct31384)
**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
vandreou@genovaburns.com
*Attorneys for Plaintiff,*
*FMLASource, Inc.*

Dated: April 5, 2023

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

                By:    s/ *Victor Andreou*
                           Victor Andreou, Esq. (ct31384)
                           **GENOVA BURNS LLC**
                           494 Broad Street
                           Newark, New Jersey 07102
                           Tel: (973) 533-0777
                           Fax: (973) 533-1112
                           vandreou@genovaburns.com
                           *Attorneys for Plaintiff,*
                           *FMLASource, Inc.*

Dated: April 5, 2023

16985704v1 (24536.005)